**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X   Case No. 1:24-cv-01938-DEH

BEAULAH MANUNGO,

        Plaintiff,

  - against -                                                Hon. Dale E. Ho, U.S.D.J.

CENTERS HEALTH CARE IPA LLC, and
OTSEGO SNF OPERATIONS ASSOC. LLC d/b/a
COOPERSTOWN CENTER FOR REHAB & NURSING,

        Defendants.
---------------------------------------------------------------------------X

## DISCOVERY CONFIDENTIALITY ORDER

WHEREAS, on March 14, 2024, plaintiff Beaulah Manungo ("Plaintiff") commenced the above-captioned action to resolve an employment dispute with defendants Centers Health Care IPA, LLC and Otsego SNF Operations Assoc. LLC d/b/a Cooperstown Center for Rehab & Nursing (together, "Defendants").

WHEREAS, in connection with this action, Plaintiff and Defendants (collectively, the "Parties") intend to pursue certain discovery related to the subject matter of the underlying employment dispute.

WHEREAS, said discovery may involve the disclosure of documents and other information one or more of the Parties and/ or its/ their employees may consider to be confidential and/or proprietary in nature or otherwise deserving of protection from disclosure to third parties.

WHEREAS, said discovery may also involve certain documents and other information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

WHEREAS, the Parties have agreed to take those steps necessary to preserve the confidential, proprietary and/or privileged nature of the information disclosed either during the course of discovery or in connection with this action and, for good cause shown,

IT IS on this  6th  day of May, 2024 ordered that:

1. As used herein, unless otherwise specified, the term "Producing Party" means the Party, or person other than a Party, being asked to produce, or asserting a confidentiality interest in, information designated by that Party or person as Confidential Information.

2. As used herein, unless otherwise specified, the term "Receiving Party" means the Party receiving or requesting production of Confidential Information.

3. As used herein, unless otherwise specified, the term "Confidential Information" means any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information; (b) that contains private or confidential personal information; (c) that contains information received in confidence from third parties; or (d) which the Producing Party otherwise believes in good faith to be entitled to protection under Rule 26(c)(l)(G) of the Federal Rules of Civil Procedure.

4. As used herein, unless otherwise specified, the term "Litigation Documents" means all briefs, affidavits, submissions and related papers, all documents produced or exchanged in the course of this action or any settlement negotiations and all transcripts of testimony given in depositions or at hearings or trial in this action.

5. As used herein, unless otherwise specified, the term "Termination" means the final resolution of this matter.

6. All matter produced in this action shall be used solely for the purposes of this

action, including through the service and filing of Litigation Documents, and, further, Confidential Information, shall not, directly or indirectly, in whole or in part, be revealed, disclosed or otherwise made available for inspection or copying, except to:

    (a)    the Court, including any appellate court, and court personnel;

    (b)    a court reporter transcribing any deposition or hearing in this action;

    (c)    the Parties, including current or former officers, directors, and employees of the Parties who have a need to know the information, counsel for the Parties, and the support staffs of such counsel (including lawyers, law clerks, legal assistants, secretaries and clerks) assisting with this action;

    (d)    outside vendors or service providers that counsel for the Parties retain in connection with this matter;

    (e)    those outside experts with whom counsel for the Receiving Party believes he or she needs to consult for purposes of this action or retains;

    (f)    deposition or trial witnesses or persons contacted by a Party based on a good faith belief that such persons may become witnesses at depositions or hearings in this action, to the extent reasonably necessary in connection with their potential testimony or in preparation for same; and

    (g)    any mediator that the Parties engage in this matter or that the Court appoints.

    7.    No Confidential Information may be revealed or disclosed, directly or indirectly, in whole or in part, to any individual described in paragraphs 6 (b), (d), (e), or (f) above until that individual is given a copy of this Discovery Confidentiality Order and first signed in duplicate an undertaking in the form attached as Exhibit 1, which undertaking shall be retained by counsel of record for the Receiving Party.

    8.    No person other than the individuals described in paragraph 6 (b), (c), (d), (e), (f),

above who shall have previously executed the appropriate undertaking, shall be permitted to attend any deposition during the disclosure of Confidential Information unless otherwise agreed to by the Parties. The Parties reserve the right to request that the Court limit the presence of persons other than the individuals described in paragraph 6 (a), (b), (c), (e), (f), and (g), as well as any jury impaneled for trial in this action, during the disclosure of Confidential Information at a trial or hearing. This paragraph shall not give any individual described in paragraph 6 (a), (b), (c), (e), (f) or (g) the right to attend any deposition in this action, but is a prerequisite to any deposition attendance.

9. Confidential Information contained in a document or thing shall be designated specifically by marking the· document or thing or confidential portion thereof, respectively, as "CONFIDENTIAL."

10. Documents containing Confidential Information that a Producing Party inadvertently failed to designate may be appropriately designated at any time after production by appropriate written notice to the Receiving Party's counsel, but the Receiving Party shall not be in violation of this Discovery Confidentiality Order for any disclosures of such Confidential Information made prior to such notice, which would have been authorized by this Discovery Confidentiality Order but for the subsequent designation by notice.

11. Information disclosed at any deposition (including any deposition preceding the entry of this Discovery Confidentiality Order of a Producing Party or one of its or its affiliates' present or former officers, directors, employees, consultants or agents, or of an independent expert duly retained by a Party for purposes of this action) may be designated by the Producing Party as Confidential Information by indicating on the record at the deposition that the specified part of the testimony (including the entire testimony given or to be given by a witness) and/or all or any part of any document or thing marked for identification is Confidential Information

4

subject to the provisions of this Discovery Confidentiality Order. The Producing Party may specifically designate information contained in the transcript as Confidential Information whether or not previously so designated, by notifying all Parties in writing of the specific pages and lines of the transcript that contain such information. Each Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control.

12. The Receiving Party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made and its failure to do so at that time shall not operate as a waiver of its right to request that the Court determine the propriety of the designation or in any way preclude a subsequent challenge to such designation.

13. In the event a Party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the Parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the Receiving Party may seek appropriate relief from the Court.

14. The terms of this Discovery Confidentiality Order shall not entitle a Receiving Party to itself determine whether it is free to use or disclose Confidential Information other than in accordance with this Discovery Confidentiality Order. Any relief from the provisions of this Discovery Confidentiality Order, if not procured by the written agreement of the Producing Party, shall be sought from the Court consistent with the standards identified above.

15. This Discovery Confidentiality Order shall not be construed as a waiver by the Parties of any objection that might be raised as to the admissibility of any evidentiary material. This Discovery Confidentiality Order does not preclude any person from opposing the production of any information on any proper ground (including privilege grounds).

16. A party that seeks to file under seal any confidential information shall follow the

Local Rules and Individual Judges' Rules. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an Order and/or Decision by the Court.

17. Except as filed with the Court in accordance with the Court's Order, all documents and things designated as Confidential Information shall be maintained at all times in the custody of individuals expressly authorized to receive them under this Discovery Confidentiality Order.

18. The original and all copies of all documents and things produced to a Receiving Party or given to any other person pursuant to this Confidentiality Order, designated as containing Confidential Information, shall be destroyed within 45 days after Termination of this action, inclusive of all appellate remedies. Notwithstanding this paragraph, at the conclusion of the case, counsel for any Party may retain all court pleadings, motion papers, transcripts, exhibits, expert reports, correspondence, and attorney work-product, provided that any such materials are maintained and protected in accordance with the terms of this Discovery Confidentiality Order.

19. Insofar as the provisions of this Discovery Confidentiality Order restrict the use or communication of any document or information produced hereunder, this Discovery Confidentiality Order shall continue to be binding after Termination and the Court shall retain jurisdiction of all persons and Parties bound by this Discovery Confidentiality Order for the purposes of its enforcement.

20. No documents that are in the public domain or which are already available to the Receiving Party through proper means, or which are or become available to a Party from a source, other than the Party asserting confidentiality, rightfully in possession of such information

on a non-confidential basis, shall be deemed or considered to be Confidential Information under this Discovery Confidentiality Order.

21. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal, state or local proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

22. If Confidential Information in the possession of a Receiving Party is subpoenaed or ordered by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena or order disclosure of such Confidential Information, the Party to whom the subpoena is directed shall, within three (3) business days, provide the requesting person or entity a copy of this Discovery Confidentiality Order, and, notify counsel for the Producing Party, in writing of: (i) the Confidential Information which is requested for production in the subpoena; (ii) the date on which compliance with the subpoena is requested; (iii) the location at which compliance with the subpoena is requested; (iv) the identity of the party serving the subpoena; and (v) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued. In no event shall the Receiving Party provide or otherwise disclose Confidential Information in response to a subpoena or court order without first notifying counsel for the Producing Party of the foregoing (i)–(v). The Receiving Party agrees to notify the Producing Party within five (5) business days if the Receiving Party is compelled by subpoena or court order, or otherwise

contacted by any third parties, to appear and testify concerning matters encompassed by this paragraph. The Receiving Party also agrees that the receiving party will not contest the Producing Party's standing to move to quash such subpoena.

23. If a Producing Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, any work-product doctrine, or any other applicable privilege or immunity, the Producing Party should promptly advise the Receiving Party in writing of the inadvertent production. Once a Receiving Party receives notice of the inadvertent production, the Receiving Party shall make reasonable efforts to retrieve all copies of the information or materials the Receiving Party or its agents distributed to others and shall return to the Producing Party or destroy all originals and copies of such inadvertently produced information or materials within three (3) business days after receiving such notice. Any notes or summaries referring or relating to any inadvertently-produced information or materials subject to a claim of privilege or immunity shall be destroyed forthwith. Nothing in this Paragraph shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product privilege, or other applicable privilege or immunity designation by submitting a written or oral challenge of the designation to the Court. The Producing Party bears the burden of establishing the privileged nature of any inadvertently-produced information or materials. The Receiving Party shall refrain from distributing or otherwise using the inadvertently-produced information or materials for any purpose until the discoverability of the information or materials is agreed upon by the parties or resolved by the Court. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify counsel for the Producing Party of such information or materials, (iii) collect all originals and copies of such

8

information or materials, (iv) return or destroy such information or materials to the Producing Party, and (v) otherwise comport themselves with Rule 4.4(b) of the New York Rules of Professional Conduct.

24. This Discovery Confidentiality Order may be modified in whole, or in part, by order of the Court entered sua sponte, upon consent of the Parties, or upon consideration of the motion by one or more of the Parties or the person or entity seeking modification.

25. A copy of this Order shall be served upon all parties within seven (7) days of receipt thereof.

_____   Date: May 6, 2024
Hon. Dale E. Ho, U.S.D.J.                    New York, New York

**AGREED AS TO FORM AND ENTRY:**

| NISAR LAW GROUP, P.C. | JACKSON LEWIS, P.C. |
|---|---|
| By: _____<br>Casey Wolnowski, Esq.<br>Attorneys for Plaintiff<br>One Grand Central Place<br>60 East 42nd Street, Suite 4600<br>New York, NY 10165<br>Ph: (646) 899-1007<br>Email: cwolnowski@nisarlaw.com | By: /s/ Diane Windholz<br>Diane Windholz, Esq.<br>Attorneys for Defendants<br>666 Third Avenue<br>New York, NY 10017<br>Ph: (212) 545-4000<br>Email:<br>Diane.Windholz@jacksonlewis.com |

The parties are reminded that the Court retains the discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.