


> Plaintiff's motion to compel is **GRANTED**. Plaintiff has demonstrated that the Document Demand 41 is relevant to the subject matter of the dispute. *See S.E.C. v. Rajaratnam*, 622 F.3d 159, 180-81 (2d Cir. 2010) (discussing the breadth of discovery relevant under Federal Rule of Civil Procedure 26(b)(1)).
>
> The Clerk of Court is directed to terminate ECF No. 30.
>
> SO ORDERED.
>
> *[signature]*
>
> Dale E. Ho
> United States District Judge
> Date: October 30, 2024
> New York, New York

<u>Via ECF</u>
Hon. Dale E. Ho, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

  Re: ***Manungo v. Centers Health Care IPA, LLC et al***
     **Case Number: 1:24-cv-01938-DEH**

<u>*Letter Motion Seeking to Compel Production*</u>

Your Honor:

  This firm represents the plaintiff Beaulah Manungo ("Plaintiff") in the above-referenced matter. This letter is being submitted in accordance with Your Honor's Individual Rules of Practice (the "Individual Rules"), namely section 4(k), seeking to compel production of certain requested documents. Defendants oppose this request; their position is detailed below.

  By way of background, this is a case involving a woman who worked as a CNA at a center for rehabilitation and nursing in Cooperstown, NY, which houses senior adults who are unable to care for themselves. Plaintiff began working in January 2023. On 2/21/2023, Plaintiff witnessed what she believed to be one of the doctors at the facility sexually assaulting a resident. She reported what she saw to her immediate supervisor immediately after witnessing this and was terminated from employment on 3/3/2024. These facts are undisputed.

  Insofar as is relevant, at the deposition of a man named Aharon Lantzitsky (taken 9/18/2024), it was learned that in light of Defendants' actions (or potentially <u>in</u>actions), the New York State Department of Health (the "DOH") conducted an investigation and upon its conclusion, penalized Cooperstown Center (one of the named defendants) and assessed it a fine. Accordingly, on 9/18/2024, Plaintiff's counsel interposed their second document demands upon Defendants, contained therein was Document Demand #41, which read:

> 41. Any and all documents which relate to any fine or penalty ultimately imposed
> by any government agency upon Defendants in light of the allegations of Plaintiff
> regarding Dr. Bryan Venerus and M.F. and any investigation which ensued.

  On 9/26/2024, Defendants responded to Document Demand #41 by stating the following, without elaboration: "Defendants are withholding documents responsive to this Request."

Counsel for the parties—Mr. Wolnowski for Plaintiff and Ms. Windholz for Defendants—thereafter emailed with one another and scheduled a meet-and-confer telephone call, which took place on 10/16/2024. During that call, Ms. Windholz changed her position somewhat and stated that the documents responsive to this request are being withheld on the grounds of "relevancy." This motion follows.

Plaintiff submits that these documents are indeed relevant for Rule 26 purposes and should be produced. It was learned in discovery that in light of the situation involving a doctor and a resident at Cooperstown Center (one of the defendants), the DOH conducted an investigation and Cooperstown Center was found liable for breaking certain rules, a penalty was imposed, and it was assessed a fine by the State. (Lantzitsky depo.) Despite this, Cooperstown Center had made representations in writing to the DOH that there was no evidence of resident abuse and further, there was testimony during a deposition that Cooperstown Center to this day hasn't received "any information to indicate differently that supports that there was in fact abuse, neglect, exploitation, or mistreatment [of a resident]." (Silva depo.)

As the Court is probably aware, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). One of Defendants' defenses in this case is that "[a]ny and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-retaliatory business reasons, and would have been taken regardless of Plaintiff's alleged participation in protected activity." Dkt. No. 23 at p. 8. Further, in documents produced in discovery, Defendants represented to the DOH that Plaintiff did nothing wrong (seemingly to try and avoid a penalty from the DOH), yet told Plaintiff that her termination was due to a violation of company rules (an averment which is undermined by proof learned in discovery no less). As such, what rules the DOH found Defendants to have broken following their investigation, the reasoning for same, as well as any fine imposed, is relevant for Rule 26 purposes and the documents being withheld should be produced.

In compliance with section 4(k) of Your Honor's Individual Rules of Practice:

(1) the date and time of each conference conducted pursuant to Section 4(k)(i) above;

➔ 10/16/2024.

(2) the adversary's position as to each issue being raised; and

➔ Originally no reason was given, but on 10/16/2024, the reason was stated as simply "relevancy."

(3) that the moving party informed the adversary during the last conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court.

➔ Plaintiff's counsel so advised on 10/16/2024 on the phone.

Plaintiff and counsel thank the Court for its attention to this matter.

Respectfully submitted,

_____
Casey Wolnowski, Esq.
*Attorney for Plaintiff*

cc:     Defendants' counsel of record (*via ECF*)

3