

> The summary judgment briefing schedule is **GRANTED**. Plaintiff's application seeking additional discovery is **DENIED**.
>
> The Clerk of Court is directed to terminate ECF No. 37. SO ORDERED.
>
> Date: December 2, 2024
> New York, New York
>
> Dale E. Ho
> United States District Judge

**MEMO ENDORSED**

<u>Via ECF</u>
Hon. Dale E. Ho, U.S.D.J.
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

    Re:   *Manungo v. Centers Health Care IPA, LLC et al*
           Case Number: 1:24-cv-01938-DEH

<u>*Letter Containing Proposed Briefing Schedule and Seeking to Compel Production of a Witness for a Deposition*</u>

Your Honor:

    This firm represents the plaintiff Beaulah Manungo ("Plaintiff") in the above-referenced matter. This letter is being filed jointly on behalf of all parties and in accordance with Your Honor's directive at the post-discovery conference held Friday, 11/22/2024.

    Counsel for the parties had a meet-and-confer telephone call on 11/22/2024 following the conference and addressed two issues: 1) what additional discovery Plaintiff is seeking to undertake; and 2) a proposed schedule for the briefing of Defendants' forthcoming motion for summary judgment.

    As will be addressed below, Plaintiff is ultimately seeking to depose one individual—the person who performed training for which Plaintiff attended upon commencing work for Defendants. Defendants oppose this request and their position is detailed below. As for a proposed briefing schedule, the parties have agreed on a schedule, which is:

> Monday, 2/3/2025 – Deadline for Defendants to file their summary judgment motion;
> Friday, 2/28/2025 – Deadline for Plaintiff to filer her opposition; and,
> Friday, 3/21/2025 – Deadline for Defendants to file their reply.

<u>**Plaintiff's Position**</u>

    By way of background, on 8/16/2024, the Court extended the deadline for the completion of fact discovery to 9/29/2024. Dkt. No. 27. On 9/27/2024, two days before the deadline of the then-discovery deadline, Defendants produced a purported training document which was a PowerPoint slide show entitled "Prevention of Abuse Neglect and Exploitation." This document contained material which materially differed from Defendants' written policy on the topic of

reporting suspected abuse. The reason this document is so relevant is that Defendants have averred that the reason Plaintiff was fired was for violating said reporting policy.

As already mentioned, Plaintiff hired an expert to analyze the PowerPoint file, however, the expert ultimately could not determine, based on analysis of the metadata, when this document was created. Simultaneously, Plaintiff interposed document requests on Defendants requesting the production of documents (including but not limited to emails) sent or received by any employees of Defendants regarding or attached to which was the Microsoft PowerPoint file that contained the first slide entitled "Prevention of Abuse Neglect and Exploitation." Plaintiff was, in essence, seeking to review the documents associated with creation and/or dissemination of this PowerPoint file for its alleged use in training. However, for every document request (of which there were five), Defendants responded: "Defendants are not able to locate any documents responsive to this Request."[1]

Accordingly, Plaintiff now seeks Defendants to disclose the identity of the person who performed the training on the topic of reporting suspected abuse at which Plaintiff was purportedly present and to produce him or her for the purpose of a narrow deposition regarding the PowerPoint, its creation (to the extent he or she knows) and its use at the training at which Plaintiff was present. Defendants' counsel objected to this request and after asking multiple times the grounds for her objection, the only reason given was "timeliness."[2] In other words, their objection is the timing of seeking to do this discovery. Defendants did not object on the grounds of relevance or on the grounds of proportionate needs.

Lastly, Plaintiff posits that this limited discovery could be easily accomplished prior to the commencement of summary judgment motion practice.

*__Defendants' Position__*

For the reasons explained below, Plaintiff's request to reopen discovery in order to take another deposition should be denied.

On September 24, 2024 (not September 27, 2024), Defendants produced to Plaintiff a PDF of a Microsoft PowerPoint ("PPT") presentation titled "Prevention of Abuse Neglect and Exploitation." Defendants produced this document to Plaintiff prior to the deposition of Defendants' witnesses Jim Silva and Lori Fox, so Plaintiff could question Mr. Silva and Ms. Fox about the document during their depositions.

Two days later, on September 26, 2024, Defendants produced the native version of this PDF—i.e., the same document but in its original PPT format.

---

[1] Anecdotally, as touched upon at the 11/22/2024 conference, Plaintiff's counsel finds this response nearly impossible to believe. It defies credulity that there are absolutely no documents in existence (by way of emails or otherwise) that so much as even mention training using the PowerPoint file in question.

[2] As to timeliness, Plaintiff responds that had this document been produced in May 2024 when it should have been (and not the end of September two days before discovery was set to close), this could have all been addressed within the discovery calendar.

Notably, Plaintiff contends in a footnote that had the document in question been produced in May 2024, she would have had a chance to address it while discovery was still open. However, Plaintiff specifically requested—and was granted—an extension of the fact discovery deadline in order to engage in additional discovery related to this very document.[3] Plaintiff had until November 1, 2024 to seek to take any additional depositions related to the document in question. Not only did Plaintiff never indicate prior to November 1, 2024 that she wished to depose any additional witnesses related to this document, she also failed to ask Mr. Silva and Ms. Fox at their respective depositions the identity of the person who performed training at Cooperstown Center on the topic of reporting suspected abuse. Moreover, Plaintiff did not indicate she wished to take an additional deposition related to this document or that she wished to know the identity of any additional potential witnesses. Plaintiff raised this issue for the first time during the parties' meet and confer call on November 22, 2024 following the post-discovery conference call with Your Honor and more than three weeks after the close of the additional discovery period granted to Plaintiff. Plaintiff offers no valid explanation for her dilatory behavior, especially in light of the Court granting her additional time to engage in discovery specifically related to this issue. Plaintiff's inexcusable delay should not be rewarded.

Furthermore, Plaintiff also misstates Defendants' position and misrepresents the importance of the document in question. As Defendants explained to Your Honor during the post-discovery conference call, Defendants have **not** averred that the reason Plaintiff was fired was for violating any specific reporting policy. Defendants terminated Plaintiff's employment (and three other employees) because they concluded that Plaintiff (as well as her three colleagues) did not take appropriate and sufficient action in reporting suspected abuse, irrespective of the requirements of any written policy regarding the same. To that end, Plaintiff has placed unwarranted significance on the document and now her search for the identity of any individual who may have conducted a training regarding this document. This is especially true in light of Plaintiff's counsel's representation that Plaintiff never saw the document in question during her employment with Cooperstown Center for Rehabilitation and Nursing ("Cooperstown Center"). Defendants have not attempted to dispute that point, because, as explained above, Defendants maintain that Plaintiff should have known that the action she took was insufficient under the circumstances, regardless of the dictates of any written policy.

Finally, even if Your Honor granted Plaintiff's request, Defendants would not be able to provide Plaintiff with the information and relief she seeks because Defendants are unable to identify the individual who conducted Plaintiff's onboarding training. Onboarding training is typically conducted by Cooperstown Center's head of Human Resources ("HR"). The individual who was the head of HR at Cooperstown Center at the time Plaintiff was hired is no longer employed with Cooperstown Center, and Defendants are unable to confirm that this individual performed Plaintiff's onboarding training.

For these reasons, Your Honor should deny Plaintiff's request to reopen discovery.

*     *     *

---

[3] See Pl.'s Sep. 27, 2024 Letter Mot. (Dkt No. 28); Oct. 9, 2024 Order Granting in Part and Denying in Part Pl.'s Mot. (Dkt. No. 29).

The parties thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Casey Wolnowski*

_____

Casey Wolnowski, Esq.
*Attorney for Plaintiff*

cc: Defendants' counsel of record (*via ECF*)